UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BURTIS HOLLEY JR., JOHNETTE, HOLLEY, and all other occupants of 5585, Hunters Bend Lane, Dallas, TX 75249, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-2261-B |
| BANK OF AMERICA NATIONAL ASSOCIATION, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Bank of American's Consolidated Motion to Dismiss Plaintiffs' Petition for Failure to State a Claim and, in the alternative, Motion for More Definite Statement (doc. 5), filed December 29, 2010. For the reasons articulated below, the Court finds that the Motion should be and hereby is **GRANTED** and that Plaintiffs should be given a final opportunity to file an Amended Complaint that cures the defects of their Original Petition, so long as they file that Amended Complaint **on or before Monday, May 2, 2011**.

This is a wrongful foreclosure and debt collection practices act arising under Texas law. (*See generally* Pls.' Pet.). Plaintiff originally brought this action in state court on April 12, 2010. (Def.'s Notice of Removal 1). As best the Court can tell, Plaintiffs allege that Defendant accelerated foreclosure of the property owned or occupied by Plaintiffs, failed to offer Plaintiffs "the best relief option available to them," failed to conduct a "fair, honest[,] and complete review of all retention options, failed to negotiate in good faith, and failed to properly notify, all of which ultimately led to

- 1 -

an improper foreclosure. (Pl.'s Pet. ¶¶ 6-8). Defendant properly removed this case to federal court on the basis of diversity jurisdiction on November 8, 2010 (doc. 1). It subsequently filed the instant Motion to Dismiss, alleging that Plaintiffs have failed to adequately state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6). Plaintiff has not responded.

Under the Federal Rules of Civil Procedure, a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff may support his claim for relief with any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Rule 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In analyzing a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Such a motion should only be granted when the complaint does not include "enough facts to state a clam to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and

is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadilac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

As mentioned above, Plaintiffs' Petition alleges claims of wrongful foreclosure and violations of the Texas Debt Collection Practices Act ("TDCPA"). To succeed on a claim of wrongful foreclosure under Texas law, a plaintiff must demonstrate "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). After carefully reviewing Plaintiff's Petition, the Court notes that the basis of Plaintiffs' wrongful foreclosure claim is by no means apparent from the face of the pleading. The Court cannot ascertain precisely what defect in the foreclosure sale Plaintiffs are complaining of, nor any information as to the selling price of the property. Accordingly, Plaintiffs have failed to properly place Defendant on notice of their wrongful foreclosure claim, and that claim should be dismissed.

Plaintiffs similarly fail to adequately plead their TDCPA claim. The only mention of the TDCPA in the Petition is a general statement that "[t]he Defendant's actions and courses of conduct, as noted above, violate the Texas Debt Collection Act." (Pls.' Pet. ¶ 8). Plaintiffs fail to specifically point Defendant or the Court to any threats, prohibited actions, or false or deceptive statements attributable to Defendant that violate the TDCPA. On this basis, the Court finds that

Plaintiffs' TDCPA claims should be dismissed as well. The Court also notes in passing, however, that a recent decision from this Court rejected Defendant's alternative argument that a foreclosure is not a "debt collection" under the TDCPA. *See Biggers v. BAC Home Loans Servicing, LP*, No. 3:10-CV-1182-D, 2011 WL 588059, at *4-5 (N.D. Tex. Feb. 10, 2011).

As this case was removed to federal court, Plaintiffs obviously did not plead their claims with the federal pleading standards in mind. The Court finds that the defects in Plaintiffs' Petition are potentially curable and Plaintiffs have not indicated that they are unable or unwilling to file an Amended Complaint to avoid dismissal. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005). Accordingly, Defendant's Motion to Dismiss is **GRANTED**. Plaintiffs may file an Amended Complaint **on or before Monday, May 2, 2011**. If Plaintiffs fail to file an Amended Complaint by that deadline or if their Amended Complaint fails to satisfy federal pleading standards, Defendant may move once again for dismissal, and this action will be subject to dismissal with prejudice.

SO ORDERED.

DATED April 4, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE